UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HAKEEM ROBINSON,

    Defendant.
    _____/

Case No. 07-20362

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [28]**

At a hearing held on March 18, 2008, this matter came before the Court on Defendant's motion to suppress evidence seized during a search of premises located at 27 East Grixdale, Detroit, Michigan. For the reasons stated at the hearing and below, Defendant's motion is DENIED.

**I.    Facts**

Defendant was arrested on March 30, 2007, at approximately 12:15 a.m., by officers from the Detroit Police Department. His case was transferred for federal prosecution, and he made his first appearance on the criminal complaint in May 2007. Defendant is charged in a multi-count indictment with (1) violating 18 U.S.C. § 922(k) for possession of a firearm with an obliterated serial number; (2) violating 21 U.S.C. § 841(a)(1) for possession, with the intent to distribute, cocaine base and marijuana; and (3) violating 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime.

The facts surrounding Defendant's arrest are derived from the Government's

Response and testimony provided at the motion hearing.

On March 30, 2007, Detroit Police Officers Davis and Pionessa observed Defendant driving a black and silver 1995 Ford pick-up truck, license plate number CA-97604 on E. Grixdale, Detroit, Michigan. The vehicle was blockading a moving lane of traffic. It is not disputed that this constitutes a civil traffic infraction. The uniformed officers got out of their marked scout car and began to approach the truck. Defendant got out of the truck and began to walk briskly toward the dwelling located at 27 E. Grixdale. As he traveled, Defendant held the right side of his waistband, causing Officer Pionessa to suspect that he was armed. The officers ordered Defendant to stop, but he continued to walk toward 27 E. Grixdale. The officers repeated their demand for Defendant to stop several times. Defendant looked in the direction of the officers and continued toward the dwelling at 27 E. Grixdale. Defendant failed to yield the officers' repeated demands to stop.

The officers followed Defendant into the dwelling and saw him trying to stuff a large bag of suspected narcotics into a dresser drawer. The officers recovered from Defendant's person a loaded .380 caliber handgun with a defaced serial number. Heroin,[1] cocaine, and marijuana were also recovered. It was later determined that the vehicle that Defendant was driving was stolen.

## II. Analysis

Defendant argues that (1) because he was an invited guest of a tenant of the dwelling located at 27 E. Grixdale, he had an expectation of privacy in that dwelling and thus has standing to challenge the search and seizure at issue here; and (2) because the officers'

---

[1]The indictment did not include a count for possession with intent to distribute heroine.

2

warrantless entry of the dwelling at 27 E. Grixdale was not justified by exigent circumstances, the evidence seized as a result of that illegal search and seizure should be suppressed. The Government responds that (1) Defendant does not have a legitimate expectation of privacy in the searched E. Grixdale premises; and (2) even if Defendant does have a legitimate expectation of privacy allowing a Fourth Amendment challenge, their warrantless entry was justified because they were in hot pursuit of Defendant. The Court first addresses the threshold issue whether Defendant had a legitimate expectation of privacy in the E. Grixdale dwelling.

**A. Defendant's Legitimate Expectation of Privacy in the E. Grixdale Premises**

**1. Legal Standard**

Although sometimes labeled a "standing" challenge, the United States Supreme Court has clarified that:

> in determining whether a defendant is able to show the violation of his . . . Fourth Amendment rights, the "definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing."

*Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (quoting *Raskas v. Illinois*, 439 U.S. 128, 139-40 (1978)). "In order to claim Fourth Amendment protection, a defendant must therefore demonstrate that he possessed a legitimate expectation of privacy in the area searched." *United States v. Whitehead*, 415 F.3d 583, 587 (6th Cir. 2005).

Recognizing that Fourth Amendment rights are personal, the courts require a criminal defendant to satisfy a two-prong test showing that: (1) "he had an actual, subjective expectation of privacy," and (2) that the "expectation was a legitimate, objectively reasonable expectation." *United States v. Smith*, 263 F.3d 571, 582 (6th Cir. 2001) (citing *Smith v. Maryland*, 442 U.S. 735, 704 (1979) and *United States v. Pollard*, 215 F.3d 643,

647 (6th Cir. 2000)). "Legitimation of expectations of privacy by law must have a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." *Rakas*, 439 U.S. at 143 n.12.

### 2. Application Here

In his motion to suppress, Defendant contends that he was the guest of Jill Wilson, the tenant of the dwelling located at 27 E. Grixdale. At the hearing, the Government introduced evidence that the dwelling was uninhabited, dilapidated, and littered with debris on March 30, 2007. Defendant provided the testimony of Jill Wilson that, on March 30, 2007, she: (1) had paid $250 to "some guy named Clarence" to rent the dwelling at 27 E. Grixdale, Detroit, Michigan, for a period of time beginning on April 1, 2007; (2) was not living at that dwelling on March 30, 2007, but gave Defendant permission to be at the house anytime he wanted; (3) had no proof that "Clarence" had a legal right to the dwelling at 27 E. Grixdale; (4) had no proof that she had a legal right to enter the dwelling at 27 E. Grixdale before April 1, 2007; and (5) had no idea who paid the utilities at that dwelling or whether they were being pirated. This testimony, even if true, does not show that Jill Wilson had a lawful right to enter 27 E. Grixdale on March 30, 2007, and thus had no legal right to confer on Defendant that would give rise to a legitimate expectation of privacy in the searched dwelling. *See Whitehead*, 415 F.3d at 587-88 (observing that the Supreme Court in *Minnesota v. Carter* distinguished between overnight guests and casual guests with regard to standing).

Because Defendant is unable to establish a legitimate expectation of privacy in the searched dwelling, the Court need not consider Defendant's additional argument that the

4

search of that dwelling and the seizure of a gun and drugs were illegal. *See id.* The Court does, however, observe that the police officers were justified in seeking to stop and question Defendant in connection with a civil traffic infraction, and Defendant was not justified in avoiding the officers' repeated demands to stop by entering the dwelling at 27 E. Grixdale.

**III. Conclusion**

For the reasons stated at the hearing on this matter and above, Defendant's motion to suppress is DENIED because Defendant failed to establish that he had a legitimate expectation of privacy in the searched dwelling.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: March 19, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 19, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager